IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN ATKINS, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 12-943-GPM |
| | ) |
| VANDALIA CORRECTIONAL CENTER | ) |
| and THE ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) |
|         Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      Plaintiff, who was recently discharged from the Vandalia Correctional Center ("Vandalia") on mandatory supervised release (Doc. 5), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined in Vandalia, and he filed this action while he was still incarcerated. Specifically, Plaintiff alleges that on February 2, 2012, correctional officers conducted a "shake down and fully nude strip search" of all the inmates in Plaintiff's housing unit. The search was performed as a training exercise for cadets, who executed the search under the supervision of the correctional officers. Plaintiff complains that the search "created a dangerous atmosphere" for the inmates and the trainees, and subjected him to unnecessary cruel and unusual punishment (Doc. 1, p. 4). Further, he claims the search violated the applicable security rule governing the Illinois Department of Corrections ("IDOC"). Plaintiff seeks compensatory damages.

      Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the

complaint. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

Strip searches that are not related to legitimate security needs or are conducted in a harassing manner in order to humiliate and inflict psychological pain, may be found unconstitutional under the Eighth Amendment. *Mays v. Springborn*, 575 F.3d 643, 649-50 (7th Cir. 2009); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003); *see also Meriwether v. Faulkner*, 821 F.2d 408 (7th Cir. 1987) (allegation of calculated harassment by strip searches stated Eighth Amendment claim), *cert. denied*, 484 U.S. 935 (1987). However, in Plaintiff's case, the complaint gives no indication that the strip search in question was conducted with the purpose of humiliating or harassing him. Nor does the fact that the strip search was conducted as a training exercise mean that it was unrelated to legitimate security needs. Plaintiff's only allegation of potential harm to him was that the strip search "created a dangerous atmosphere for the inmates" (Doc. 1, p. 4), a statement which he does not further explain or illustrate with any examples of danger or threats to his safety. Thus, the complaint fails to state a claim upon which relief may be granted.

Additionally, even if the strip search were to have been conducted in violation of applicable IDOC rules, that alone would not give rise to a constitutional claim. A federal court does not enforce state laws or regulations. *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001); *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989). Plaintiff apparently refers to the rule prohibiting a strip search from being conducted where it can be observed by persons not conducting the search (Doc. 1, p. 16). ILL. ADMIN. CODE tit. 20, § 501.220(b)(2). But his complaint does not indicate that such observers were present; he states that the search was conducted by the cadets under the supervision of IDOC staff.

This situation does not suggest a violation of the rules, let alone an injury of constitutional magnitude. Pursuant to § 1915A, this action shall be dismissed.

Finally, Plaintiff failed to disclose his litigation history in his complaint, despite the clear instructions to list all lawsuits he has filed (Doc. 1, p. 3).[1] That omission alone would be a reason to dismiss this case. The Court relies on a party's litigation history listed in the complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), and thus there is a need for reliable information about prior litigation. As a result, where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). Should Plaintiff file any action in the future without complete disclosure of his previous lawsuits, including any strikes, his case may be summarily dismissed.

**Pending Motions**

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3) was filed while he was still an inmate. Based on his motion and affidavit, the Court finds that he is indigent and unable to pay the full filing fee in advance; therefore, leave to proceed IFP is GRANTED. However, Plaintiff failed to provide the full 6 months of his prison trust fund account statements, for the period of January 2, 2012, through July 2, 2012. The Clerk has requested the required statements from the Trust Fund Officer at Vandalia. Following the receipt of that information, an order shall issue for the payment of the initial partial filing fee as outlined in 28 U.S.C. § 1915(b)(1).

Because Plaintiff was a prisoner when he filed this action, he is obligated to pay the entire

---

[1] In addition to the case that resulted in Plaintiff's first "strike" (*Atkins v. State of Illinois,* No. 10-cv-6986 (N.D. Ill., filed Oct. 29, 2010)), Plaintiff filed another action (*Atkins v. Vandalia Corr.* Ctr, S.D. Ill. No. 12-955-MJR) on the same day that he filed the instant case. He failed to list either case in his complaint.

filing fee under § 1915(b)(1), which provides: "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." *See Robbins v. Switzer*, 104 F.3d 895, 897 (7th Cir. 1997). Section 1915(b)(1) further establishes that a prisoner must *pre*pay the filing fee in accordance with a statutory schedule based upon transactions in his prison trust fund account. Plaintiff's current released status does not change the fact that he was a prisoner when he brought this case. *See Robbins*, 104 F.3d at 898. He "is liable for the whole fee (just like everyone else who proceeds IFP), and must prepay according to the statutory schedule." *Id.*

Although Plaintiff remains obligated to pay the full filing fee, the collection mechanism contained in § 1915(b)(2) is inapplicable because Plaintiff is no longer incarcerated. In order to enable the Court to evaluate Plaintiff's current resources and determine whether to defer collection of the remainder of the unpaid fee, **Plaintiff is ORDERED** to submit a new motion for IFP **within 21 days** of the entry of this Order (on or before October 4, 2012). This motion shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail Plaintiff a blank form motion and affidavit to proceed without prepaying fees or costs.

**Plaintiff is further ORDERED** to inform this Court if he is returned to the custody of the Illinois Department of Corrections or any county or municipal jail, by filing a notice of change of address **within 7 days** of entering such custody. Should Plaintiff be incarcerated in the future, the collection mechanism established under § 1915(b)(2) shall apply to the payment obligation that Plaintiff incurred by filing this action.

Plaintiff's motion for appointment of counsel (Doc. 4), is **DENIED AS MOOT.**

**Disposition**

For the reasons stated above, this action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is advised that the dismissal of this action shall count as another "strike" under the provisions of 28 U.S.C. § 1915(g).

Because three of Plaintiff's previously-filed lawsuits[1] have also been dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted, Plaintiff has "struck out." Accordingly, if Plaintiff seeks to file any future civil action *while he is a prisoner*, he will no longer be eligible to pay a filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit he may file while incarcerated, or face dismissal of the suit.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable regardless of the dismissal of the case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his

---

[1] *Atkins v. State of Illinois,* No. 10-cv-6986 (N.D. Ill., filed Oct. 29, 2010) (strike 1, dismissed Dec. 21, 2010, for failure to state a claim upon which relief may be granted); *Atkins v. Vandalia Correctional Center*, No. 12-cv-955-MJR (S.D. Ill., filed July 3, 2012) (strike 2, dismissed Sept. 10, 2012, for failure to state a claim); *Atkins v. Vandalia Correctional Center,* No. 12-cv-951-JPG (S.D. Ill., filed July 10, 2012) (strike 3, dismissed Sept. 12, 2012, for failure to state a claim.)

whereabouts.  This shall be done in writing and not later than **7 days** after any change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents.

**IT IS SO ORDERED.**

DATED: September 12, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
